IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMPLOYERS MUTUAL CASUALTY COMPANY,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　　　No. 13-CV-00665-WJ-WPL

ANGELIQUE ANDRES, ALBUQUERQUE
BERNALILLO COUNTY WATER UTILITY
AUTHORITY, AND COMPLETE CONCRETE AND
EXCAVATING, L.L.C.,

    Defendants.

### MEMORANDUM OPINION AND ORDER DENYING DEFAULT JUDGMENT

THIS MATTER comes before this Court upon Plaintiff, Employers' Mutual Casualty Company ("Plaintiff")'s Motion for Default Judgment against Defendant Angelique Andres ("Andres") pursuant to Fed.R.Civ.P. 55, filed November 1, 2013 (**Doc. 13**). Plaintiff seeks declaratory relief that (1) there is no coverage afforded to the damages claimed by Andres; and (2) Plaintiff does not owe a duty to indemnify Defendant Albuquerque Bernalillo County Water Utility Authority ("ABCWUA") against damages claimed by Andres. For the reasons given below, the Court DENIES Plaintiff's motion.

### Legal Standard

The Federal Rules of Civil Procedure 55 sets out a two-step process for a party seeking a default judgment. A party seeking such a judgment must first obtain the clerk's entry of default against the opposing party. Fed.R.Civ.P. 55(a). See also Garrett v. Seymour, 217 Fed.Appx. 835, *2 (10th Cir. 2007) (stating that the clerk's entry of default is a prerequisite for obtaining a default judgment under Fed.R.Civ.P. 55(b)). The clerk will issue an entry of default when the

1

moving party shows the Court through an affidavit or otherwise that the opposing party "has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). Second, the party must move the Court to enter a default judgment. Fed.R.Civ.P. 55(b). The trial court is given broad discretion in deciding whether to enter a default judgment. See Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987).

## Discussion

In this case, Plaintiff filed an Amended Declaratory Judgment on July 17, 2013 (**Doc. 2**). On July 26, 2013, Defendant Andres filed an Acceptance of Service **(Doc. 5)**. Subsequently, Andres failed to file an answer or any other response to Plaintiff's Amended Declaratory Judgment. However, because the Plaintiff has failed to obtain a clerk's entry of default as required under Fed.R.Civ.P. 55(b), the granting of a default judgment at this time would be improper.

**THEREFORE,** Plaintiff's Motion for Default Judgment **(Doc. 13)** is hereby DENIED.

UNITED STATES DISTRICT JUDGE