**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**EMPLOYERS MUTUAL CASUALTY COMPANY,**

**Plaintiff,**

**v.** **No. 13cv00665 WJ/WPL**

**ANGELIQUE ANDRES,**
**ALBUQUERQUE BERNALILLO COUNTY WATER UTILITY AUTHORITY; and**
**COMPLETE CONCRETE AND EXCAVATIONS, L.L.C.,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Summary Judgment, filed January 10, 2014 **(Doc. No. 23)**. Having considered the parties' briefs and the applicable law, the Court finds that Plaintiff's motion is well-taken and, therefore, is GRANTED.

**Background**

Plaintiff brought this declaratory action seeking a determination from the Court that it was not obligated to defend or indemnify Defendant Albuquerque Bernalillo County Water Utility Authority ("ABCWUA") against claims brought by Defendant Angelique Andres ("Ms. Andres") in separate state court proceeding, Andres v. ABCWUA, et al, D-202-CV-2012-01454. Ms. Andres initiated the underlying proceeding after she was allegedly injured during a project overseen by ABCWUA where Defendant Complete Concrete and Excavations ("Complete Concrete") worked as a subcontractor for ABCWUA. Plaintiff had issued a Commercial General

Liability ("CGL") policy to Complete Concrete. Complete Concrete identified ABCWUA as an additional insured under the CGL. In the underlying state court action, Judge Bacon of the New Mexico Second Judicial District Court granted Complete Concrete's Motion for Summary Judgment and dismissed Complete Concrete from the matter. After Complete Concrete was dismissed, ABCWUA contended that Plaintiff continued to have a duty to defend and indemnify ABCWUA from Ms. Andres' claims. Accordingly, Plaintiff brought the instant declaratory action.

Plaintiff argues that the additional insured provision in the CGL only requires Plaintiff to defend ABCWUA from damages/claims arising out of Complete Concrete's negligent acts or omissions, therefore Plaintiff no longer has a duty to defend ABCWUA because the state court has already determined that Complete Concrete did not cause any injury to Ms. Andres. ABCWUA[1] argues that the state court's grant of Complete Concrete's Motion for Summary Judgment does not constitute a judicial determination that Complete Concrete was not negligent. Additionally, ABCWUA argues that the indemnity provision of the contract between itself and Complete Concrete provides an alternative basis for Plaintiff's duty to defend in even the absence of negligence on the part of Complete Concrete.

**Undisputed Material Facts[2]**

The parties agree that there was a CGL issued to Complete Concrete by Plaintiff and that ABCWUA was listed an additional insured. Although there is a disagreement about the scope of that agreement, the parties agree about the text of the provision. The CGL also indisputably

[1] Ms. Andres and Complete Concrete do not take a position on Plaintiff's Motion. See **(Doc. Nos. 24 and 25)** respectively.

[2] These facts are taken from the parties' briefs and are supported by evidence in the record as stated by the parties. Although there were only a few disputed facts, to the extent that the "disputed" fact is included in the Court's recitation of the facts, the Court has found there was not a legitimate dispute. Additionally, both parties raised materiality/relevancy objections to each other's facts. The facts included here have been deemed to be material by the Court.

contained a provision that provided insurance for contractual liability for "insured contracts." Additionally, parties agree that the contract between ABCWUA and Complete Concrete contained an indemnity provision, and the parties do not dispute the text of the provision. The parties do, however, dispute whether the contract between ABCWUA and Complete Concrete constitutes an "insured contract" under the CGL. The parties also do not dispute that as a condition of the contract with ABCWUA, Complete Concrete was required to purchase a CGL. Further, the parties agree that Ms. Andres initiated a lawsuit in state court based upon her allegation that she was injured by the negligence of both ABCWUA and Complete Concrete. Ms. Andres alleged that ABCWUA and/or Complete Concrete failed to properly repair the hole inside her gate that was dug as part of the construction project on which Complete Concrete worked as a subcontractor for ABCWUA. Parties further agree that Complete Concrete moved for and was granted summary judgment in the underlying court case.

**Discussion**

**I. Legal Standard**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. Id. Once that burden is met, the nonmoving party must put forth specific facts showing that there is a genuine issue of material fact for trial; he may not rest on mere allegations or denials in his own pleadings. Anderson v. Liberty Lobby, 477 U.S. 242, 256-57 (1986). In order to avoid summary judgment, the nonmoving party must put forth enough

evidence that a reasonable jury could return a verdict in the nonmovant's favor. Id. at 249. A mere scintilla of evidence in the nonmovant's favor is not sufficient. Id. at 252.

**II. Plaintiff is not Required to Defend ABCWUA as an Additional Insured Under the CGL Issued to Complete Concrete**

The additional insured provision in the CGL between Plaintiff and Complete Concrete provides:

> Who is an Insured is amended to include additional insured any person or organization for whom [Complete Concrete is] preforming operations. . . Such a person or organization is an additional insured only with respect to liability for bodily injury, property damage caused by [Complete Concrete]'s ongoing operations for the additional insured [ABCWUA] and *only to the extent that such bodily injury property damage is caused by* [Complete Concrete's] negligent, acts, or omission, or the negligence, acts or omission of those performing operation on [Complete Concrete's] behalf.

See **(Doc. No. 23)**, p. 8 (emphasis added).

Despite ABCWUA's arguments to the contrary, the Court finds that it is clear and unambiguous that this provision was intended to limit coverage only to those claims against ABCWUA for damages *caused by* Complete Concrete's negligence. The clear language of this contract states that the additional insured clause was meant to protect ABCWUA only from potential liability sought to be imposed upon ABCWUA because of something Complete Concrete is alleged to have done or failed to have done. Accordingly, the Court finds that whether or not Complete Concrete's negligence caused Ms. Andres' injuries is dispositive of whether Plaintiff owes a duty to defend ABCWUA from Ms. Andres' claims in the underlying state court proceeding.

In disputes stemming from insurance contracts, the "duty to defend arises out of the nature of the allegations in the complaint," and is determined "by comparing the factual allegations in the complaint with the insurance policy." City of Albuquerque v. BPLW Architects & Engineers, Inc., 2009-NMCA-081, ¶ 9, 146 N.M. 717, 721, 213 P.3d 1146, 1150

(citations omitted). "In addition to these basic rules, the New Mexico Supreme Court has held that 'generally, a determination of whether an exclusion relieves an insurer from a duty to defend must be made in the primary lawsuit, and not in an action for declaratory judgment, because it is a factual question.'" Transamerica Ins. Grp. v. Hinkle-Keeran Grp., Inc., 53 F.3d 343 (10th Cir. 1995) (citation omitted). "However, in order for the court in the collateral proceeding to determine that no duty to defend exists, it must be able to say, as a matter of law, that all claims set forth in the complaint arose out of acts excluded from coverage under the policy." Id. "[F]actual determination[s] [regarding coverage] [are] not for the court in the collateral proceedings but for the court in the primary action." Id.; see also Found Reserve Ins. Co., Inc. v. Mullenix, 1982-NMSC-038, 97 N.M. 618, 620, 642 P.2d 604, 606 ("We believe that a determination of whether the exclusionary provision in this policy applies in this case should be determined in the primary action.").

Based upon the above-cited case law, the Court finds that it is entitled, if not required to rely upon the state court's decision in the underlying proceeding regarding Complete Concrete's negligence. Although Ms. Andres' Complaint alleges acts that would fall within the additional insured coverage, the Court is not required to ignore the determination made by the appropriate fact-finder regarding Complete Concrete's negligence. See Holguin v. Fulco Oil Servs. L.L.C., 2010-NMCA-091, ¶44, 149 N.M. 98, 107, 245 P.3d 42, 51 (remanding for "a determination by an appropriate fact finder of the parties' respective percentages of liability" in order to resolve an indemnification dispute). ABCWUA states several reasons that the Court should ignore the state court's order dismissing Complete Concrete. First, ABCWUA argues the Court should not rely on the state court ruling, because Judge Bacon's decision to grant summary judgment to Complete Concrete was based upon poor lawyering by Mr. Andres' attorney. Although Ms. Andres' response to Complete Concrete's Motion for Summary Judgment may have been less

than stellar, Judge Bacon's decision was still based upon the merits of Complete Concrete's Motion. ABCWUA further argues that the facts set forth in Complete Concrete's Motion for Summary Judgment were essentially deemed admitted because Ms. Andres' response failed to controvert any of the facts. ABCWUA argues that deemed admissions by one party are not binding on another party. ABCWUA incorrectly categorizes facts deemed admitted in a motion for summary judgment for failure to properly controvert as the same as Rule 36 admissions. They are in fact different, thus, the case law cited by ABCWUA which stands for the proposition that Rule 36 admissions by one party are not binding as to another party is inapposite. Additionally, while ABCWUA argues that Judge Bacon's order was not a "final order", the order definitively declares that for the purpose of the underlying state lawsuit, Complete Concrete has no liability.[3] Thus, there is no exposure for ABCWUA based upon Complete Concrete's negligence. Finally, ABCWUA raises the argument that it did not have a "full and fair opportunity" to litigate the issue of Complete Concrete's negligence in the underlying lawsuit. This an element of claim preclusion, which as the Court stated previously, it is not relying on in this matter. However, the Court points out that ABCWUA was a party to the state court case at the time Complete Concrete's Motion for Summary Judgment was being briefed and ABCWUA chose not to take a position on the motion. ABCWUA cannot now attempt to raise a disputed issue of fact in this federal case, and ABCWUA is bound by Judge Bacon's summary judgment ruling favor of Complete Concrete.

---

[3] Both Plaintiff and ABCWUA make references to the elements of collateral estoppel and res judicata. However, the Court does not believe that it needs to reach a determination on those issues, because the effect that the underlying state court case has on the instant declaratory action is not based upon collateral estoppel or res judicata, but the fact that the parties are litigating the issue of whether Plaintiff has a duty to defend ABCWUA in the underlying action. As a practical matter, in the underlying state court lawsuit Complete Concrete has been found not to be negligent. Accordingly, there is no situation in which ABCWUA could be found to be responsible for the negligence of Complete Concrete in the underlying lawsuit.

The state court, as the appropriate fact-finder, has made the determination that the prerequisite for ABCWUA being an additional insured, Complete Concrete's negligence, does not exist in the underlying matter, and the Court is entitled to rely upon that determination. Therefore, Plaintiff has no duty to defend and/or indemnify ABCWUA in the underlying lawsuit based upon the additional insured provision in the CGL, because Ms. Andres' damages were not caused by Complete Concrete's negligence.

**IV. Plaintiff has no Duty to Defend/ Indemnify ABCWUA Under the Indemnity Provision in the Contract Between Complete Concrete and ABCWUA**

ABCWUA argues that there is an alternative basis for Plaintiff's duty to defend, the indemnity provision in the contract between ABCWUA and Complete Concrete. The indemnity provision states:

> Indemnity: The Contractor to whom an award has been made as a result of this Request expressly agrees to defend, indemnify and save harmless the City and its officers, agents and employees from and against any and all claims, suites, demands, actions, or proceedings of every nature and description brought because of any injury or damage received or sustained by any person, persons, or property arising out of Contractor's providing the goods, services or construction pursuant to the offer or by reason of any act or omission, neglect or misconduct of the Contractor, the agents, employees or subcontractors of the Contractor or the agents or employees of any subcontractor of the Contractor. The indemnity required herein shall not be limited by reason of the specification of any particular insurance coverage.

See **(Doc. No. 26)**, p. 6.

ABCWUA alleges that this broadly written indemnity provision requires that Plaintiff indemnify ABCWUA for claims arising out of Complete Concrete provision of services even in the absence of Complete Concrete's negligence.[4] Plaintiff argues that this interpretation of the indemnity agreement is contrary to New Mexico Anti-Indemnity statute, NMSA 1978 § 56-7-1

[4] Plaintiff's responsibility would also depend on whether the contract between Complete Concrete and ABCWUA was an "insured contract" as defined by the CGL. For the purposes of its analysis of the Anti-Indemnity statute, the Court will presume that the contract between Complete Concrete and ABCWUA was an "insured contract" under the CGL.

which provides:

> A provision in a construction contract that requires one party to the contract to indemnify, hold harmless, insure or defend the other party to the contract, including the other party's employees or agents, against liability, claims, damages, losses or expenses, including attorney fees, arising out of bodily injury to persons or damage to property caused by or resulting from, in whole or in part, the negligence, act or omission of the indemnitee, its officers, employees or agents, is void, unenforceable and against the public policy of the state.

NMSA 1978 § 56-7-1(A).

Additionally, the Anti-Indemnity Statute specifically provides that "[a] construction contract may contain a provision that, or shall be enforced only to the extent that, it requires one party to the contract to indemnify, hold harmless or insure the other party to the contract [] only to the extent that the liability, damages, losses or costs are *caused by, or arise out of*, the acts or omissions of the indemnitor." NMSA 1978 § 56-7-1(B) (emphasis added).

ABCWUA cites to the New Mexico Court of Appeals decision in City of Albuquerque v. BPLW Architects & Engineers, Inc., 2009-NMCA-081, 146 N.M. 717, 213 P.3d 1146, for its argument that Plaintiff's duty to defend and indemnify pursuant to the indemnity provision exists even if Complete Concrete was not negligent in any way. ABCWUA's argument misapprehends the holding of the City of Albuquerque. In City of Albuquerque, the New Mexico Court of Appeals noted that "requiring [the indemnitor] to fulfill its contractual obligation to defend [the indemnitee] against any suit against the indemnitee *arising out of [the indemnitor's] alleged negligence* in the performance of the contract does not violate Section 56–7–1 or the policy behind it." Id., at ¶ 20 (emphasis added). Thus, the holding was clearly limited to instances where the cause of action arose out of the indemnitor's negligence, not all cases arising out of the contract between the indemnitor and the indemnitee. As ABCWUA pointed out in its Response, the indemnity provision between itself and Complete Concrete is *broader* than the policy upheld in City of Albuquerque, because it would require Complete Concrete to indemnify ABCWUA

for any claims arising out of the contract, even the claims did not arise out of Complete Concrete's negligence. See **(Doc. No. 26)**, p. 13. ABCWUA's interpretation of the Anti-Indemnity statue would not only run contrary to the holding of City of Albuquerque, but also the public policy behind the statute. See Tucker v. R.A. Hanson Co., 956 F.2d 215, 218 (10th Cir.1992) (noting that "[t]he purpose of [Section 56–7–1] is to protect construction workers and future occupants of a building by ensuring that all those involved in its construction know that they will be held financially liable for their negligence").

Based upon City of Albuquerque, there still must be negligence on the part of the indemnitor (Complete Concrete) in order for the claims to arise out of or be caused by the negligence of Complete Concrete. The Anti-Indemnity statue prohibits indemnification agreements that require an indemnitor to indemnify the indemnitee against claims that neither arose out of nor were caused by the indemnitor's negligence. See NMSA 1978§ 56-7-1(B); see also Holguin, 2010-NMCA-091 at ¶39 (As we have held above, the last segment of this clause violates Section 56–7–1(A) by requiring the [indemnitors] to indemnify [the indemnitee] for [the indemnitee's] own negligence, therefore, that provision of the indemnity clause is void and unenforceable.); City of Albuquerque, at ¶19 ("Section 56–7–1(B)(1) ensure[s] that an indemnitor only has to indemnify for causes of action that *arise from the indemnitor's own negligent conduct*.") (citing NMSA 1978 § 56-7-1(B)) (emphasis added). Thus, to the extent that the indemnification clause would require Complete Concrete to indemnify ABCWUA for damages that did not arise out of or were not caused by Complete Concrete's negligence, it is broader than what is permitted by NMSA 1978 § 56-7-1(B), and is void as against public policy. The Court will only void the portion that violates the Anti-Indemnity statute rather than the entire indemnity provision. See Holguin, 2010-NMCA-091, ¶ 39 (voiding only the portion of the indemnity provision that violate the Anti-Indemnity statute and enforcing the remainder of

the provision which was permitted under NMSA 1978 § 56-7-1(B)). Thus, Plaintiff would still owe a duty to indemnify ABCWUA if the claims were caused by or arose from Complete Concrete's negligence. However, because as stated above, there can be no finding of negligence against Complete Concrete in the underlying lawsuit, the indemnification clause as amended by the Anti-Indemnity statute, does not require Plaintiff to defend/and or indemnify ABCWUA.[5]

**Conclusion**

Because the state court has determined that Complete Concrete was not negligent in causing Ms. Andres' injuries, neither the additional insured or under the indemnity provision requires Plaintiff to indemnify or defend ABCWUA against Ms. Andres' claims in the underlying state court proceeding.

**THEREFORE, IT IS ORDERED**, that Plaintiff's Motion for Summary Judgment **(Doc. No. 23)** is **GRANTED.**

**IT IS FURTHER ORDERED**, that Plaintiff Employer's Mutual Casualty Company has no duty to defend or indemnify the Albuquerque Bernalillo County Water Utility Authority in the underlying lawsuit of Andres v. ABCWUA, et al., D-202-CV-2012-01454. A separate final judgment consistent with this opinion shall issue.

UNITED STATES DISTRICT JUDGE

[5] Because the Court finds that the indemnification provision in the contract between Complete Concrete and ABCWUA does not apply to Ms. Andres' claims, the Court need not decide whether the contract was an "insured contract" as defined by the CGL.